UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1723

TAWANA JEAN COOPER,

Plaintiff – Appellant,

v.

PAMELA A. VAROUXIS, Executrix and Trustee of the Theodore Varouxis Estate and Trust; JOHN T. FREY, Clerk of the Circuit Court, Fairfax County, individually and in his official capacity; NELSON L. KNOTT, Comptroller of the Circuit Court, Fairfax County Virginia,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:16-cv-00025-CMH-TCB)

Submitted:  October 13, 2016        Decided:  October 17, 2016

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Tawana Jean Cooper, Appellant Pro Se. Michael Arthur Sottolano, CHADWICK WASHINGTON MORIARTY ELMORE & BUNN PC, Glen Allen, Virginia; Alexander Francuzenko, Philip Corliss Krone, COOK CRAIG & FRANCUZENKO, PLLC, Fairfax, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tawana Jean Cooper appeals the district court's orders denying her complaint challenging a state court civil order regarding a property issue and denying her postjudgment motions for reconsideration and to enter default judgment. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.[*] Cooper v. Varouxis, No. 1:16-cv-00025-CMH-TCB (E.D. Va. filed May 16 & entered May 17, 2016; June 14 & 17, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent that Cooper seeks damages because she believes that the Defendants committed fraud upon the state court, however, the Rooker-Feldman doctrine does not bar her claims. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 172-73 (3d Cir. 2010) (holding that Rooker-Feldman doctrine did not deprive district court of jurisdiction in 42 U.S.C. § 1983 (2012) action alleging that plaintiff's losses in state court action resulted from a conspiracy between the defendants and certain members of the state judiciary). Nonetheless, the district court correctly dismissed those claims for failure to state a claim.